UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

ONYINYECHI EZE,        )
                       )
    Plaintiff,         )    06-2125
                       )
v.                     )
                       )
PETERSEN HEALTH CARE, INC.  )
d/b/a Palm Terrace of Mattoon,  )
                       )
    Defendant.         )

ORDER

The plaintiff, Onyinyechi Eze ("Eze"), has filed a two-count complaint against her former employer, Petersen Health Care, Inc. d/b/a Palm Terrace of Mattoon ("Palm Terrace"). The defendant has filed a motion to strike and dismiss Count I.

Eze states that she was born, raised, and educated in Nigeria. She came to the United States approximately nine years ago, and obtained a Certified Nurse's Assistant license. Since then, she has worked at nursing homes in and around Charleston, Illinois. She began to work at Palm Terrace in 2003. Palm Terrace terminated her in 2005.

Palm Terrace argues that Count I of the complaint must be dismissed because it asserts claims that were not included in Eze's Charge of Discrimination (the "Charge"), which was filed with the Illinois Department of Human Rights. Eze argues that the allegations in her complaint are reasonably related to the claim of race discrimination alleged in her Charge.

Palm Terrace claims that in addition to claims of alleged race discrimination, Count I alleges racial harassment, religious harassment and discrimination, and retaliation, none of which were incorporated into Eze's Charge. Eze's Charge incorporated only vague assertions of race discrimination. Eze stated that Caucasian employees were treated more favorably. She checked only one box on the form, for discrimination on the basis of race.

However, Eze's prayer for relief is specific: Count I is a Title VII claim of discrimination on the basis of race and national origin. Any isolated allegations suggesting a different basis for her Title VII claim will not be construed additional claims beyond what she has conclusively asserted in her prayer for relief.

Palm Terrace also argues that the prayer for relief must be stricken to the extent it seeks liquidated damages, because Title VII does not allow recovery for liquidated damages. *See Downey v. Comm'r of Internal Revenue*, 33 F.3d 836, 839 (7th Cir. 1994) (stating that unlike

Title VII, the ADEA allows recovery for liquidated damages in addition to lost wages). Eze apparently concedes this argument because she does not address it in any way. Consequently, the prayer for liquidated damages pursuant to Title VII is stricken.

Palm Terrace is ordered to file an answer to Count I within ten days of the date of this order. It has already filed an answer to Count II, and has asserted affirmative defenses.

## CONCLUSION

The motion to strike and dismiss [4] is granted in part and denied in part. The motion is granted as to the plaintiff's prayer for liquidated damages. The motion is denied in all other respects. The defendant shall file an answer to Count I within ten days of the date of this order. A Rule 16 scheduling conference will be held on March 9, 2007 at 1:30 p.m. by personal appearance; a separate written order will be entered.

Enter this 7th day of February, 2007.

**s\Harold A. Baker**
_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE